1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | | |
|---|---|---|
| SUSAN L. BUTLER, and PATRICK BUTLER, | ) ) ) | No. 2:17-CV-01443-TSZ |
|     Plaintiffs, | ) ) | |
|     v. | ) ) ) | **DEFENDANT ANDREW CHADEAYNE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |
| CHADEAYNE, LLC, et al., | ) ) | |
|     Defendants. | ) ) | **JURY DEMAND** |

COMES NOW Defendant Dr. Andrew R. Chadeayne ("Defendant"), by and through the undersigned counsel, pursuant to this Court's Order of December 1, 2017, (Doc. No. 35), and for his Answer and Affirmative Defenses, state as follows:

**PARTIES**

1.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of Plaintiffs' Complaint and is therefore deemed to have denied the same.

2.    Defendant admits that Chadeayne, LLC is a limited liability company organized under the laws of the State of Virginia with its principal place of business at 10900 NE 4th Street, Suite 2300, Bellevue, Washington, 98004.  Defendant also admits that he has been a

member of Chadeayne, LLC, since its formation to present.  Defendant denies the remaining allegations in paragraph 2 of Plaintiffs' Complaint.

3.      Defendant admits that he is a patent agent authorized to practice before the United States Patent and Trademark Office and that he has been a member of Chadeayne, LLC since its formation to present.  Defendant denies the remaining allegations in paragraph 3 of Plaintiffs' Complaint.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of Plaintiffs' Complaint and is therefore deemed to have denied the same.

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of Plaintiffs' Complaint and is therefore deemed to have denied the same.

## JURISDICTION AND VENUE

6.      Defendant admits that the United States District Court for the Western District of Washington has subject matter jurisdiction over this action and personal jurisdiction over him but denies the remaining allegations in paragraph 6 of Plaintiffs' Complaint.

7.      Defendant admits that the United States District Court for the Western District of Washington has personal jurisdiction over him but denies the remaining allegations in paragraph 7 of Plaintiffs' Complaint.

8.      Defendant admits that he communicated with Plaintiff Susan J. Butler via phone and that he assisted Plaintiff Susan J. Butler with finalizing the provisional patent application for Application No. 62258322.  Defendant also admits that Chadeayne, LLC accepted payments from Plaintiff Susan J. Butler and advertised its and Defendant's services on the Internet.

DEFENDANT ANDREW CHADEAYNE'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT - 2
(2:17-CV-01443-TSZ)
5217535

**BOYLE BRASHER LLC**
211 N. Broadway, Suite 2300
St. Louis, MO 63102
(P) 314-621-7700 • (F) 314-621-1088

1    Defendant lacks knowledge or information sufficient to form a belief about the truth of the

2    allegations as to where Plaintiff Susan J. Butler was located when she communicated

3    telephonically with Defendant and/or made payments to Defendant, and is therefore deemed to

4    have denied the same.  Defendant also denies all remaining allegations of paragraph 8 of

5    Plaintiffs' Complaint.

6        9.    Defendant admits that venue is proper in the United States District Court for the

7    Western District of Washington but denies the allegations in paragraph 9 of Plaintiffs'

8    Complaint.

9                        **FACTS COMMON TO ALL COUNTS**

10       10.    Defendant admits that he and Chadeayne, LLC assisted Plaintiff Susan J. Butler in

11    finalizing the provisional patent application for Application No. 62258322 relating to "multi-

12    flavored and/or multi-colored food spread compositions, methods of making the same, and

13    packages housing the same" and that Plaintiff Susan J. Butler paid Chadeayne, LLC for this

14    assistance.  Defendant also admits that Chadeayne, LLC advised Plaintiff Susan J. Butler that it

15    would use its business partner to file the provisional patent applications electronically with the

16    United States Patent and Trademark Office.  Defendant denies the remaining allegations in

17    paragraph 10 of Plaintiffs' Complaint.

18       11.    Defendant admits that during the course of the patent application process,

19    Chadeayne, LLC and he worked with Plaintiff Susan J. Butler to finalize the provisional patent

20    application for Application No. 62258322.  Defendant denies the remaining allegations in

21    paragraph 11 of Plaintiffs' Complaint.

22       12.    Defendant admits that Provisional Patent Application No. 62258322 was filed by

23    Holli Templeton on behalf of Defendant.  Defendant lacks knowledge or information sufficient

DEFENDANT ANDREW CHADEAYNE'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT - 3
(2:17-CV-01443-TSZ)
5217535

**BOYLE BRASHER LLC**
211 N. Broadway, Suite 2300
St. Louis, MO 63102
(P) 314-621-7700 • (F) 314-621-1088

to form a belief about the truth of the remaining allegations in paragraph 12 of Plaintiffs' Complaint and is therefore deemed to have denied the same.

13.    Defendant admits that a nonprovisional patent application relating to Patent Application No. 62258322 was not filed on or before November 20, 2016.  Defendant admits that Chadeayne, LLC and Defendant are aware that a nonprovisional patent application must be filed within one year to preserve the benefit of a provisional patent application.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of Plaintiffs' Complaint with respect to the actions and/or knowledge of Holli Templeton and/or Pacific Patent Group, and is therefore deemed to have denied the same. Defendant also denies all remaining allegations of paragraph 13 of Plaintiffs' Complaint.

## COUNT I

14.    Defendant denies the allegations in paragraph 14 of Plaintiffs' Complaint, of Plaintiff's Complaint.

15.    Defendant admits that Chadeayne, LLC and he acknowledged that a nonprovisional patent application was not filed for Patent Application No. 62258322 and admits that Chadeayne, LLC and he have developed procedures for monitoring deadlines with the United States Patent and Trademark Office.  Defendant denies the remaining allegations in paragraph 15 of Plaintiffs' Complaint.

16.    If a patent is granted, Defendant admits that a patent gives the owner the right to exclude others from using a patented invention and to receive licensing fees and royalties from others, if any, who wish to use the invention and that in the absence of a patent covering an invention, others are free to use and practice the invention without paying licensing fees or

DEFENDANT ANDREW CHADEAYNE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT - 4 (2:17-CV-01443-TSZ)
5217535

**BOYLE BRASHER LLC**
211 N. Broadway, Suite 2300
St. Louis, MO 63102
(P) 314-621-7700 • (F) 314-621-1088

royalties.  Except as expressly admitted herein, Defendant denies the allegations in paragraph 16 of Plaintiffs' Complaint.

17.     Defendant denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18.     Defendant denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.     Defendant denies the allegations in paragraph 19 of Plaintiffs' Complaint.

20.     Defendant denies the allegations in paragraph 20 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Count I of Plaintiffs' Complaint, Defendant prays for the dismissal of Count I with prejudice and an award of his attorneys' fee and costs incurred in defending the same.

## COUNT II

21.     Defendant adopts and incorporates his answers to paragraphs 1-20 of Plaintiffs' Complaint as if fully stated herein.

22.     Defendant admits that Plaintiff Susan J. Butler paid Chadeayne, LLC for services related to Provisional Patent Application No. 62258322, which Chadeayne, LLC did, but denies the remaining allegations in paragraph 22 of Plaintiffs' Complaint.

23.     Defendant denies the allegations in paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies the allegations in paragraph 24 of Plaintiffs' Complaint.

WHEREFORE, having fully answered Count II of Plaintiffs' Complaint, Defendant prays for the dismissal of Count II with prejudice and an award of his attorneys' fee and costs incurred in defending the same.

## COUNT III

25.     Defendant adopts and incorporates his answers to paragraphs 1-24 of Plaintiffs' Complaint as if fully stated herein.

26-30.  The allegations in paragraphs 26-30 of Plaintiffs' Complaint are not directed to Defendant and thus, no answer is required.   To the extent an answer is required, Defendant denies the same.

WHEREFORE, having fully answered Count III of Plaintiffs' Complaint, Defendant prays for the dismissal of Count III with prejudice and an award of his attorneys' fee and costs incurred in defending the same.

## AFFIRMATIVE DEFENSES

1.      Further answering and as an affirmative defense, Plaintiffs failed to state a cause of action as to Count II of their Complaint as they have failed to allege the essential elements of offer and acceptance.

2.      Further answering and as an affirmative defense, Plaintiffs' action as to Count II of their Complaint is barred by the statute of frauds (§ 432.010, R.S.Mo. or RCW § 19.36.010) as the alleged contract was not in writing and required more than one year to perform.

3.      Further answering and as an affirmative defense, Plaintiffs failed to mitigate their damages by declining to file a second provisional patent application with respect to the subject matter of Patent Application No. 62258322.

4.      Further answering and as an affirmative defense, Plaintiffs have failed to state a claim for punitive damages under the laws of the State of Washington as such damages are not permitted.

5.      Further answering and as an affirmative defense, if Missouri law controls, Plaintiffs fail to state a claim upon which relief may be granted with respect to their claim for punitive damages as they fail to allege any facts that would establish by "clear and convincing

DEFENDANT ANDREW CHADEAYNE'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT - 6
(2:17-CV-01443-TSZ)
5217535

**BOYLE BRASHER LLC**
211 N. Broadway, Suite 2300
St. Louis, MO 63102
(P) 314-621-7700 • (F) 314-621-1088

evidence" that Defendant committed a wanton, willful, or outrageous act or acted with reckless disregard for an act's consequences.

6.    Further answering and as an affirmative defense, if Missouri law controls, Plaintiffs' claims for punitive damages are unconstitutional, as the laws permitting such damages violate Defendants' constitutional rights:

a.    to due process and equal protection under the Fourteenth Amendment of the United States Constitution, and Article I, § 10 of the Constitution of the State of Missouri, in that the laws establishing the standards for granting and assessing punitive damages are vague and ambiguous, and arbitrarily deny Defendant his property without due process or equal protection;

b.    to due process and equal protection under the Fourteenth Amendment of the United States Constitution, and Article I, § 10 of the Constitution of the State of Missouri, if the trial is not bifurcated, with punitive damages being tried only after a separate determination of liability; and

c.    to be free from excess fines, as guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, and Article I, § 21 of the Constitution of the State of Missouri.

7.    Further answering and as an affirmative defense, Defendant claims any rights to limitations on punitive damages that it may have under § 510.265, R.S.Mo.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays for the dismissal of Plaintiffs' Complaint with prejudice and an award of his attorneys' fee and costs incurred in defending the same.

**DEFENDANT DEMANDS TRIAL BY JURY.**

**BOYLE BRASHER LLC**
211 N. Broadway, Suite 2300
St. Louis, MO 63102
(P) 314-621-7700 • (F) 314-621-1088

DATED this 4th day of December of 2017.

Respectfully submitted,

**BOYLE BRASHER LLC**

/s/ William A. Brasher
William A. Brasher, WSBA #14005
One Metropolitan Square
211 N. Broadway, Ste. 2300
St. Louis, Missouri 63102
P: (314) 621-7700
F: (314) 621-1088
wbrasher@boylebrasher.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, I caused the original of the foregoing document to be filed with the Clerk of the Court via electronic filing, who will send notification of filing to the following:

Douglas P. Dowd                     Michael B. Tierney
Alex R. Lumaghi                     Paul Correa
Dowd & Dowd, P.C.                   Tierney & Correa, P.C.
211 N. Broadway, Suite 405          719 Second Avenue
St. Louis, MO 63105                 Suite 701, Millennium Tower
doug@dowdlaw.net                    Seattle, WA 98104
alex@dowdlaw.net                    P: 206-232-3074
P: 314-621-2500                     F: 206-232-3076
F: 314-621-2503                     tierney@tierneylaw.com

**Attorneys for Plaintiff**        **Attorneys for Plaintiff**

DATED this 4th day December of 2017.

/s/ William A. Brasher
William A. Brasher, WSBA#14005

DEFENDANT ANDREW CHADEAYNE'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT - 8
(2:17-CV-01443-TSZ)
5217535

**BOYLE BRASHER LLC**
211 N. Broadway, Suite 2300
St. Louis, MO 63102
(P) 314-621-7700 • (F) 314-621-1088